UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GINA ROBINSON,                                                          :
                                                                        :
                          Plaintiff,                                    :
                                                                        :         25-CV-8512 (JMF)
                   -v-                                                  :
                                                                        :         MEMORANDUM OPINION
DIANNE T. RENWICK et al.,                                               :         AND ORDER TO SHOW
                                                                        :         CAUSE
                          Defendants.                                   :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Gina Robinson, who is proceeding without counsel, sues several judges of the New York Appellate Division of the Supreme Court, First Judicial Department; the New York Court of Appeals; and this Court. She asserts that those judges' denials of her appeals in a prior case constitute violations of her Thirteenth Amendment rights and Fourteenth Amendment rights to equal protection and procedural and substantive due process under 42 U.S.C. § 1983, violations of the New York State Constitution, and violations of various other New York statutes. *See* ECF No. 6 ("Compl."). She requests, *inter alia*, that: (1) those unfavorable decisions be vacated; (2) the relief she requested in her original suit be granted; and (3) she be awarded punitive damages. *See* Compl. ¶¶ 4171-80.

      Plaintiff's claims, however, appear to be frivolous. To the extent that Plaintiff seeks damages from Defendants under Section 1983, "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* This is because, "[w]ithout insulation from liability, judges would be

subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff asserts that "New York Judges have no Judicial Immunity," Compl. ¶ 18, and that, even if they did, the "denial of constitutional and civil rights" are "not a judicial function" to which judicial immunity is applicable, *id.* ¶ 19. But Plaintiff's claims plainly arise from Defendants' judicial actions — their denials of her appeals in a prior case — and therefore appear squarely foreclosed by judicial immunity. *See Deem v. DiMella-Deem*, 941 F.3d 618, 620-21 (2d Cir. 2019) (upholding the *sua sponte* dismissal of a claim barred by judicial immunity on the ground that the claim was frivolous).

To the extent that Plaintiff seeks injunctive relief against any Defendant under Section 1983, the Court's ability to award that relief is strictly limited. Section 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that a declaratory decree has been violated or that declaratory relief was unavailable. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (affirming denial of a Section 1983 claim on that basis). And as to injunctive relief under any other cause of action, although it is true that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), Plaintiff does not seek any remedy for future violations of her rights, only a correction of past alleged errors. *See Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016) (summary order) (affirming that plaintiff was not entitled to relief against judicial officer "because he alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law"). Plaintiff's claims for injunctive relief

also therefore appear to be barred by judicial immunity and are frivolous.

Finally, to the extent that Plaintiff seeks, in effect, to appeal the state courts' judgments, such claims appear barred by the *Rooker-Feldman* doctrine.[1] "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021). Federal district court review of claims that complain of injury by state court judgements is barred by the *Rooker-Feldman* doctrine when four requirements are met: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced." *Id.* (cleaned up). All those requirements appear to be met here. As to the first and second requirements, Plaintiff complains that her rights were violated because, "on September 26th, 2024, [the First Judicial Department] illegally dismissed Plaintiff's appeal," Compl. ¶ 37, and because the New York Court of Appeals dismissed her subsequent appeal on December 12, 2024, *id.* ¶ 94. And as to the third and fourth requirements, she commenced this action on October 14, 2025, and asks the Court to, at minimum, vacate those decisions and require the state courts to render an adjudication on the merits. *See id.* ¶ 4171. Plaintiff's request to overturn the state court judgments therefore appears to be barred by the *Rooker-Feldman* doctrine, and the Court appears to lack subject-matter jurisdiction to hear those claims.

It is well established that a "district court[] may dismiss a frivolous complaint *sua sponte*

---

[1]  Plaintiff names a judge from this Court as a defendant, but she does not appear to seek vacatur of any decision by the federal courts or allege any specific injurious action taken by that judge. *See* Compl. ¶ 4171.

3

even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam).  Moreover, courts "ha[ve] the power to dismiss a complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard."  *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (cleaned up).  And finally, because "subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power," *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990), a court may — indeed must — dismiss an action if, "at any time," it "determines . . . that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3).

In light of the foregoing, Plaintiff is ORDERED to show cause in writing, no later than **November 7, 2025**, why this case should not be dismissed for failure to state a claim and/or for lack of subject-matter jurisdiction.  If Plaintiff fails to show cause or does not file anything by the deadline, the Court will dismiss the complaint without further notice.  As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 3, there is no need to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 24, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4