UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                           :

GINA ROBINSON,                            :
                                           :

                        Plaintiff,          :
                                         :              25-CV-8512 (JMF)

          -v-                          :
                                         :          MEMORANDUM OPINION

DIANNE T. RENWICK et al.,            :            AND ORDER

                                         :

                      Defendants.       :
                                         :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Gina Robinson, who is proceeding without counsel, brought this action on October 14, 2025, against several New York state appellate judges and Judge Gregory H. Woods of this Court. Her complaint arises from a decision of the New York Supreme Court to partially grant and partially deny her motion for summary judgment in a contract dispute. *See Robinson v. Fashion Dist. Dental*, No. 153436/2022, ECF Nos. 174-76 (N.Y. Sup. Ct. Dec. 9, 2022). The Appellate Division and the New York Court of Appeals dismissed her appeal, *see Robinson v. Fashion Dist. Dental*, No. 2022-05698, 2024 WL 4297679 (N.Y. App. Div. Sept. 26, 2024), *appeal dismissed*, 249 N.E.3d 33 (N.Y. 2024), and the U.S. Supreme Court denied her petition for a writ of certiorari, *see Robinson v. Fashion Dist. Dental*, No. 24-1162, 2025 WL 2823757, at *1 (U.S. Oct. 6, 2025).[1] While state-court proceedings were ongoing, Robinson filed suit in this District against the judge presiding over her New York Supreme Court case, alleging, *inter alia*, that the judge's partial denial of her motion for summary judgment constituted a violation of her constitutional rights. *See Robinson v. Kotler*, No. 23-CV-10623 (GHW), 2024 WL 839049, at *1

---

[1] As discussed in more detail below, the state-court defendants in the contract dispute filed a cross-appeal that remains pending before the Appellate Division.

(S.D.N.Y. Feb. 28, 2024), *aff'd*, No. 24-555, 2025 WL 686035 (2d Cir. Mar. 4, 2025) (summary order). Judge Woods dismissed her complaint as barred by judicial immunity, and the Second Circuit subsequently affirmed that decision. *Id.* at \*3; *see also* 2025 WL 686035, at \*2.

Plaintiff's Complaint here expands on her earlier complaint. She alleges that Judge Woods and the judges of the New York appellate courts violated her constitutional rights by improperly dismissing her cases and seeks both monetary damages and injunctive relief. *See* ECF No. 6 ("Compl.").[2] On October 24, 2025, the Court observed that Plaintiff's claims appeared to be foreclosed by judicial immunity and the *Rooker-Feldman* doctrine and ordered her to show cause why the case should not be dismissed for failure to state a claim and/or for lack of subject-matter jurisdiction. *See* ECF No. 7 ("Order to Show Cause"). Plaintiff filed a Response to that Order on November 5, 2025. ECF No. 22 ("Resp."). Upon review of her Response, the Court concludes that her claims are indeed barred by judicial immunity, the *Rooker-Feldman* doctrine, or both. Accordingly, and for the reasons that follow, her claims must be and are DISMISSED as frivolous. Further, Plaintiff is cautioned that future frivolous lawsuits may result in a filing injunction barring her from filing further lawsuits in this Court.

First, for the reasons the Court explained in the Order to Show Cause, Plaintiff's claim for damages against Defendants for the dismissal of her cases is squarely barred by judicial immunity. *See* Order to Show Cause 1-2. Judicial immunity means that judges are absolutely immune "from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204,

---

[2] On November 17, 2025, Plaintiff filed yet another new complaint, which purports to amend her existing complaint. *See* ECF No. 24. But Plaintiff was not granted leave to amend her Complaint and could not amend as a matter of course because the Complaint has not yet been served on Defendants. *See* Fed. R. Civ. P. 15(a)(1)-(2). In any event, the proposed Amended Complaint appears to be substantively identical to the Complaint attached to Plaintiff's Request for Issuance of Summons. *See* ECF No. 6. Accordingly, the filing of the proposed new complaint has no bearing on the analysis or conclusions set forth herein.

209 (2d Cir. 2009).  The dismissals Plaintiff challenges are patently "acts arising out of, or related to, individual cases before the judge[s]" who heard her claims and are therefore judicial acts.  *Id.* at 210.  Plaintiff's repeated assertion that Defendants' dismissals deprived her of her constitutional rights, *e.g.*, Resp. ¶ 65, does not change that fact.  Nor is there any merit to Plaintiff's argument that judicial immunity, like attorney-client privilege, should be abrogated when judicial action is taken "in furtherance of contemplated or ongoing criminal or fraudulent conduct."  *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 141 (2d Cir. 2025); *see* Resp. ¶¶ 139-41.  She provides no support for that proposition, which is entirely at odds with the Supreme Court and Second Circuit's instruction that judicial immunity applies to "acts committed within . . . judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Bliven*, 579 F.3d at 209.  The doctrine of judicial immunity is for the benefit of the public — not judges — because it is in the public's interest to allow judges to "exercise their functions with independence and without fear of consequences."  *Pierson*, 386 U.S. at 554.  Accordingly, Plaintiff's claims against Defendants for damages are barred by judicial immunity and thus dismissed for failure to state a claim.[3]  *Cf. Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order) (holding that "a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if 'the facts supporting the defense appear on the face of the complaint.'" (quoting *McKenna v. Wright*, 386 F.3d 432, 435-36 (2d Cir. 2004)).

    As for Plaintiff's request for injunctive relief, her Response clarifies that the "only

---

[3]    Plaintiff briefly argues that even if her claim for damages is barred by judicial immunity, the Court could evade that bar by imposing "nominal" damages on Defendants.  *See* Resp. ¶ 320. But the Court could not take that step because nominal damages are still money damages and are therefore subject to the same immunity principles.  *See, e.g.*, *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 141 (2d Cir. 1994) (noting that "money damages, nominal or otherwise," would likely be barred by Eleventh Amendment and qualified immunity defenses).

injunctive relief" she seeks is an order from this Court "overturning court orders" issued by

Judge Woods and the New York appellate courts. Resp. ¶ 81. But this Court lacks the authority

to overturn those decisions. As noted, Judge Woods's decision to dismiss Plaintiff's earlier

complaint was affirmed by the Second Circuit on the grounds that her claims were barred by

judicial immunity. Plaintiff provides no legal authority — because there is none — that would

allow this Court to revisit, let alone overturn, those decisions. Meanwhile, as the Court

explained in its Order to Show Cause, the *Rooker-Feldman* doctrine plainly bars this Court from

hearing Plaintiff's challenge to the state-court judgments. *See* Order to Show Cause 3-4. Indeed,

the Second Circuit has repeatedly held that the *Rooker-Feldman* doctrine bars precisely the type

of case brought by Plaintiff: suits against state-court judges that are collateral attacks on

unfavorable decisions issued by those judges. *See, e.g.*, *Richter v. Conn. Jud. Branch*, 600 F.

App'x 804, 805 (2d Cir. 2015) (summary order) (*Rooker-Feldman* barred jurisdiction where the

plaintiff sued state-court judges alleging that judgments against her were invalid and should be

overturned); *Jordan v. Levine*, 536 F. App'x 158, 159 (2d Cir. 2013) (summary order) (*Rooker-*

*Feldman* barred jurisdiction where the plaintiff sued a state-court judge alleging judicial

misconduct); *Daigneault v. Jud. Branch, Conn.*, 309 F. App'x 518, 519 (2d Cir. 2009) (summary

order) (*Rooker-Feldman* barred jurisdiction where the plaintiff sued state-court judges for

dismissing his discrimination lawsuit).

Plaintiff's Response offers two arguments for why the *Rooker-Feldman* doctrine does not

bar her complaint, but neither is availing. First, Plaintiff argues that the *Rooker-Feldman*

doctrine does not bar her Complaint because the underlying state-court case she seeks to overturn

is still being adjudicated, *see* Resp. ¶ 116, and "[t]he doctrine does not apply if an appeal of the

state-court judgment was still pending when the federal action was filed," *Kotler*, 2025 WL

4

686035, at *1. It is true that, according to public filings, the state-court defendants' cross-appeal of the New York Supreme Court's decision partially granting summary judgment to Plaintiff remains pending before the Appellate Division. *See New York State Courts Electronic Filing*, N.Y. ST. UNIFIED CT. SYS. (last visited Nov. 25, 2025), https://iapps.courts.state.ny.us/nyscef/CaseSearch?task=new (case number 2022-05698). But "proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve *the issue* that the federal court plaintiff seeks to relitigate in a federal forum." *Hunter v. McMahon*, 75 F.4th 62, 70 (2d Cir. 2023) (emphasis added) (cleaned up) (quoting *Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005)). And here, the issue that Plaintiff seeks to relitigate is the state courts' denial of *her* appeal of the partial denial of summary judgment, which was indeed resolved.

Second, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply where an unfavorable state court decision infringes on the plaintiffs' constitutional rights. *See* Resp. ¶¶ 107, 112. But that is flat wrong. Indeed, in *Feldman* itself, the Supreme Court made clear that the doctrine bars district courts from considering "challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Review of those types of decisions is the exclusive purview of the Supreme Court, which, it should be noted, already denied Plaintiff's petition for a writ of certiorari to review the decision of the New York Court of Appeals. *See Robinson*, 2025 WL 2823757, at *1. The Court therefore concludes, for substantially the same reasons discussed in its earlier Order to Show Cause, that it lacks subject-matter jurisdiction over Plaintiff's requests for injunctive relief.[4] Given that Plaintiff's claims for both damages and

---

[4]    Plaintiff suggests that even if the *Rooker-Feldman* doctrine applies, this Court should, in the alternative, construe her Complaint as a petition for a writ of certiorari or a request for a post-trial remedy akin to the writ of habeas corpus. *See* Resp. ¶¶ 137-38. But doing so would not aid

injunctive relief are barred, the Complaint is therefore dismissed with prejudice for failure to state a claim and lack of subject-matter jurisdiction.

A few final notes. First, the Court declines to *sua sponte* grant Plaintiff leave to amend her Complaint. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant plaintiffs proceeding without counsel leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, the defects in Plaintiff's proposed claims are substantive, so amendment would plainly be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Second, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Finally, Plaintiff is warned that if she files additional frivolous lawsuits, against judges or otherwise, she may be enjoined from filing lawsuits without leave of the Court. "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (internal quotation marks omitted). "In determining whether to restrict a litigant's future ability to sue, a court must consider whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."

---

her case because (1) this Court cannot entertain petitions for a writ of certiorari or refer them directly to the Supreme Court (which has, in any event, already denied one such petition from Plaintiff); and (2) unlike the post-trial remedies she references, Congress has not granted district courts jurisdiction to hear this type of case. *Cf., e.g.*, 28 U.S.C. § 2254.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14 (2d Cir. 2019) (per curiam) (internal quotation marks omitted); *see also, e.g.*, *Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (identifying factors that a court must consider in weighing whether to restrict a litigant's future access to the courts).  Here, there is certainly cause to worry that Plaintiff will continue her campaign of frivolous and vexatious lawsuits.  But, to date, she has received no warning that her conduct could result in a filing injunction, something courts have treated as a near prerequisite for restraining a litigant's future access to the courts.  *See Iwachiw,* 396 F.3d at 529; *see also, e.g.*, *Gertskis v. U.S. E.E.O.C.*, No. 11-CV-5830 (JMF), 2013 WL 1148924, at \*16-17 (S.D.N.Y. Mar. 20, 2013), *aff'd sub nom. Gertskis v. E.E.O.C.*, 594 F. App'x 719 (2d Cir. 2014) (summary order).  Accordingly, the Court declines to enjoin Plaintiff on the basis of her filing of this lawsuit, but warns her in no uncertain terms that filing additional frivolous lawsuits may result in sanctions or a filing injunction.

For the reasons stated above, Plaintiff's Complaint is DISMISSED.  The Clerk of Court is directed to close the case and terminate ECF No. 5, as all outstanding motions are moot.  As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 3, there is no need to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 26, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

7